IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01317-BNB

LIONEL KERSH,

    Plaintiff,

v.

THE DENVER SOCIAL SECURITY ADMINISTRATOR [is refusing to provide me her full name],

    Defendant.

## ORDER DIRECTING PLAINTIFF TO SHOW CAUSE

Plaintiff, Lionel Kersh, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility. On May 20, 2013, Mr. Kersh, acting *pro se*, submitted to the Court a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). For the reasons stated below, Mr. Kersh will be directed to show cause why he should not be denied leave to proceed pursuant to § 1915.

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Mr. Kersh, on three or more prior occasions, has brought an

action or appeal that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted.  See *Kersh v. Richardson*, No. 11-cv-01310-LTB (D. Colo. June 22, 2011) (dismissed as legally frivolous), *appeal dismissed*, No. 11-1540, 466 F. App'x 718 (10th Cir. Mar. 9, 2012) (affirming district court dismissal as frivolous; assessing strike for purposes of § 1915(g)); *Kersh v. Mueller*, No. 11-cv-01992-LTB (D. Colo. Aug. 11, 2011) (dismissed as legally frivolous), *appeal dismissed*, No. 11-1394, 450 F. App'x 744 (10th Cir. Dec. 12, 2011) (affirming district court dismissal as frivolous; assessing a strike for purposes of § 1915(g).  Each of these dismissals qualifies as a strike under § 1915(g).  *See Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011).

    Mr. Kersh alleges on page two of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that he is not in imminent danger of serious physical injury.  ECF No. 3 at 2.  The Court, therefore, finds that Plaintiff has initiated three or more actions that count as strikes pursuant to 28 U.S.C. § 1915(g) and that he is not under imminent danger of serious physical injury.  Pursuant to § 1915(g) he is precluded from bringing the instant action *in forma pauperis*.  Plaintiff will be ordered to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915(g).

    Accordingly, it is

    ORDERED that Plaintiff, Lionel Kersh, show cause in writing **within thirty (30) days from the date of this order** why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because:  (1) he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous or failed to state a claim;

and (2) he fails to assert that he is under imminent danger of serious physical injury.  It is

FURTHER ORDERED that the motion titled "motion to receive payment for filing fees after this civil suit matter is resolved" (ECF No. 4) is denied as unnecessary.

DATED May 22, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge